IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GRAYLIN GRAY,<br><br>    Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES, and TODD WASMER,<br><br>    Respondents. | 8:19CV490<br><br>MEMORANDUM<br>AND ORDER |

  This matter is before the court on initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*[1] of Petitioner Graylin Gray's ("Petitioner" or "Gray") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed on November 7, 2019. (Filing No. 1.)

## I. BACKGROUND

  Gray alleged in his petition that he is "[a] pretrial detainee . . . in state custody 'pursuant to' a sentence, not pursuant to 'the' (e.g. one) judgment, which includes both the conviction and sentence." (Filing No. 1 at CM/ECF p. 1.) Gray's petition and the attached state court records establish that he was sentenced on March 7, 2008, in the Lancaster County District Court of Nebraska Case No. CR06-511 to a total sentence of 20 to 40 years' imprisonment with a habitual

---

  [1] Gray filed an Objection (filing no. 6) to the court's November 14, 2019 Memorandum and Order (filing no. 5) granting his motion to proceed in forma pauperis because the court stated it would conduct a preliminary review of Gray's petition in accordance with Rule 4 of the Rules Governing Section 2254 cases. Gray objects that such review is inappropriate because he filed his petition pursuant to 28 U.S.C. § 2241. However, Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows the court to apply Rule 4 of those rules to a section 2241 petition. *See also* 28 U.S.C. § 2243. Gray's objection is, thus, overruled.

criminal sentence enhancement. (*Id.* at CM/ECF pp. 8, 16–17, & 109.) Gray's sentence was entered after he was found guilty by a jury of criminal possession of financial transaction devices and unlawful circulation of financial transaction devices in the first degree on December 6, 2007. (*Id.* at CM/ECF p. 102–103, 109.)

Liberally construed, the only claim raised by Gray in his habeas petition is that his sentence is void and violates due process because no judgment of conviction, signed by the trial judge and file-stamped by the clerk of the court, was ever entered as required by Nebraska law. *See* Neb. Rev. Stat. § 25-1301 (Reissue 2008). Gray raised this claim in a state petition for writ of habeas corpus filed on July 12, 2018, in the Johnson County District Court of Nebraska. (Filing No. 1 at CM/ECF p. 30–35.) The state district court denied his petition on December 6, 2018, following an evidentiary hearing concluding that:

> The allegations set forth in the petition are not jurisdictional defects and, therefore, are not proper grounds for habeas relief.
>
> The Respondent cites *State v. Avina-Murillo*, 301 Neb. 185 (2018) to support the theory that a jury's verdict is effective when it is finally rendered in open court and received and accepted by the trial judge, not when a judgment of verdict is signed, file-stamped and entered. From the record before the court, this appears to have occurred in DCR060000511 on December 7, 2007.
>
> Furthermore, Petitioner's reliance on *State v. Engleman*, 5 Neb. App. 485 (1997) is misplaced and inapplicable to the facts of this case. *Cf State v. Macek*, 278 Neb. 967 (2009) (defendant could not collaterally attack his prior convictions on the ground that they lacked a file stamp). A finding of guilt is a conviction, but it is not a judgment or final order, which does not take place until a sentence has been imposed. *See State v. Long*, 205 Neb. 252 (1980).

(Filing No. 1 at CM/ECF p. 176.) Gray appealed to the Nebraska Court of Appeals which sustained the State's motion for summary affirmance on September 3, 2019.

(*Id.* at CM/ECF pp. 10, 272–292.) Gray's petition for further review was denied on October 9, 2019. (*Id.* at CM/ECF pp. 10, 293–301.)

## II. DISCUSSION

Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). A number of circuit courts have held that Section 2254 and its provisions take precedence over Section 2241 because it is the more specific statute. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279, n.4 (2nd Cir. 2003); *Coady v. Vaughn*, 251 F.3d 480, 484–85 (3rd Cir. 2001).

Though Gray filed his habeas petition pursuant to 28 U.S.C. § 2241, it is apparent that Gray is challenging his state-court conviction (or purported lack thereof) and the resulting detention. The appropriate and exclusive avenue for doing so is through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Thus, the court concludes that Gray is not entitled to habeas relief pursuant to § 2241 and this matter should be dismissed.

Even if the court were to construe Gray's petition as one brought under 28 U.S.C. § 2254, the court would lack jurisdiction to review it as the petition would be successive. The court's records reflect that Gray unsuccessfully challenged his 2008 conviction in the Lancaster County District Court of Nebraska in Case No. CR06-511 in earlier federal habeas corpus litigation. *See Gray v. Britten*, No.

4:10CV3219 (D.Neb.) (Filing No. 28, September 7, 2011 Memorandum and Order dismissing petition with prejudice on the merits). Thus, Gray would be required to seek the permission of the Eighth Circuit Court of Appeals to commence this successive action under § 2254.[2] 28 U.S.C. § 2444(b)(2) & (3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition). Gray may not avoid the strictures applicable to § 2254 habeas petitions by mischaracterizing his habeas petition as one for relief under 28 U.S.C. § 2241.

Although Gray sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Gray is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing no. 1) is denied and dismissed without prejudice to reassertion in a petition for writ of habeas corpus

---

[2] The court notes that Gray previously sought authorization from the Eighth Circuit Court of Appeals to file a successive habeas petition raising the same claims asserted here. In *Gray v. Frakes*, No. 4:18CV3096 (D.Neb. 2018), Gray filed a "Petition for Relief Under Rule 60(b)(4)" which was construed and docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Filing No. 1, Case No. 4:18CV3096.) The matter was dismissed without prejudice on August 7, 2018, upon Gray's motion to allow him to seek authorization from the Eighth Circuit Court of Appeals to file a successive habeas petition. (*See* Filing Nos. 4 & 5, Case No. 4:18CV3096.) Gray's petition for authorization to file a successive habeas application was denied on December 11, 2018. (Filing Nos. 7 & 8, Case No. 4:18CV3096.)

pursuant to 28 U.S.C. § 2254 properly authorized by the Eighth Circuit Court of Appeals. No certificate of appealability has been or will be issued.

2. Petitioner's objection (filing no. 6), docketed as a motion, is denied.

3. Judgment will be entered by separate document.

Dated this 17th day of December, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge